NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3116

THOMAS E. JONES,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

Thomas E. Jones, of Washington, DC, pro se.

Dawn E. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3116

THOMAS E. JONES,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752070663-I-1.

_____

DECIDED:  June 6, 2008

_____

Before BRYSON, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

### DECISION

Thomas E. Jones appeals from the decision of the Merit Systems Protection Board that it lacked jurisdiction over an appeal from an action by the Department of the Interior removing him from his position with the National Park Service.  Because the Board properly held that it lacked jurisdiction over Mr. Jones's appeal, we <u>affirm</u>.

BACKGROUND

Beginning in June 1991, Mr. Jones was employed as a laborer for the Division of Maintenance at the National Park Service, an agency of the Department of the Interior. In October 2004, the Department placed Mr. Jones on leave restriction "because of problems in the area of leave request procedures, failure to gain proper approvals, or abuse of leave privileges . . . ." The letter providing notice of the leave restrictions stated that the restrictions would remain in effect for one year and that failure to abide by the leave requirements would result in Mr. Jones being placed in absent without leave status.

In May 2005, a maintenance supervisor suspected that Mr. Jones was intoxicated at the start of his morning shift. Officers of the United States Park Police who were called to the scene determined that Mr. Jones had a blood alcohol concentration of approximately 0.25 percent, well above the legal limit of 0.08 percent. That incident led to a proposed removal action. The notice of proposed removal included three charges: (1) impairment while on duty; (2) failure to comply with leave restriction requirements; and (3) unauthorized absences.

After an oral hearing at which Mr. Jones was present, the Department determined that Mr. Jones's actions were "inappropriate and will not be condoned . . . [and] that the proposed penalty of removal is appropriate." However, the Department representative determined that, "based on [Mr. Jones's] length of service and [his] attempt to achieve sobriety," the Department would suspend the removal in exchange for Mr. Jones's entering into a last chance agreement. The terms of the agreement included a number of restrictions on his requests for sick and annual leave. In addition,

the agreement provided that Mr. Jones would be considered to be in breach of the agreement if he accumulated three or more hours of unauthorized absences while the agreement was in effect. The agreement further provided that Mr. Jones would "voluntarily waive all rights to challenge any disciplinary or adverse action proposed or taken against [him] that is related to any misconduct covered by this agreement which occurs during the life of this agreement" including "[a]n appeal to the Merit Systems Protection Board." In the presence of his union representative, Mr. Jones entered into the agreement. The written agreement bears Mr. Jones's initials at the bottom of each page except the first, and it bears his signature on the last page.

Approximately a year later, in May 2007, Mr. Jones was sent another notice of proposed removal. The basis for the removal was the allegation that Mr. Jones had accumulated 41 hours of unauthorized absences, in violation of the last chance agreement. The letter stated that Mr. Jones would be removed from his position effective on May 8, 2007. Mr. Jones appealed that removal action to the Merit Systems Protection Board. The administrative judge who was assigned to the appeal determined that the Board did not have jurisdiction to consider the circumstances of the removal because of Mr. Jones's waiver of his appeal rights in the last chance agreement. That decision became the final decision of the Board, and Mr. Jones then petitioned for review by this court.

DISCUSSION

A government employee can waive the right to appeal adverse employment actions to the Merit Systems Protection Board by entering into a last chance agreement such as the one Mr. Jones entered into in this case. See, e.g., Gibson v. Dep't of

Veterans Affairs, 160 F.3d 722, 725 (Fed. Cir. 1998). After signing such a last chance agreement in which the employee gives up the right to appeal the underlying agency action, the only way the employee can invoke Board jurisdiction and obtain relief from the Board is to show either (1) that the employee complied with the last chance agreement, or (2) that the agency breached the agreement, or (3) that the employee did not knowingly and voluntarily enter into the agreement. Buchanan v. Dep't of Energy, 247 F.3d 1333, 1338 (Fed. Cir. 2001).

Mr. Jones argues in essence that he entered into the last chance agreement involuntarily. In particular, he alleges that the details of the agreement and the reason he had to enter into it were not explained to him, and he contends that he should not have been required to sign a last chance agreement in the first place. As the administrative judge found, however, the factual record is to the contrary. The last chance agreement explicitly explains why Mr. Jones had to either enter into the agreement or face removal from his position. In a section labeled "Description of Misconduct," the agreement lists the three charges that formed the basis of the original removal proposal in September 2005 and that would have been the subject of a removal proceeding had Mr. Jones not agreed to enter into the last chance agreement. Moreover, Mr. Jones was accompanied by his union representative at the meeting at which the last chance agreement was negotiated, and he indicated by signing the agreement that he understood its terms and was entering it voluntarily. Thus, substantial evidence supports the Board's finding that there is no merit to Mr. Jones's argument that he entered into the last chance agreement involuntarily. Because Mr.

Jones waived his rights to appeal to the Board in that agreement, the Board properly refused to consider the merits of his removal.

Mr. Jones also argues that no other disciplinary actions had been taken against him before May 2006. However, under the last chance agreement, the Department was not required to give Mr. Jones any additional warnings that he was engaging in misconduct. Therefore, Mr. Jones's argument that there were no other disciplinary actions taken against him does not change the fact that a single disciplinary action—the one that was the subject of the proposed notice of removal—was all that was required under the last chance agreement to trigger Mr. Jones's removal.

Finally, Mr. Jones asserts that he had more than 100 hours of annual leave and 40 hours of sick leave remaining when he was terminated. In the proceedings below, Mr. Jones argued that he thought any unauthorized absence would simply result in the deduction of time from his total accumulated leave. However, the reason for Mr. Jones's removal was not that he did not have enough leave time, but that he did not follow the proper procedures for taking leave. The descriptions of the leave policies that were provided to Mr. Jones on several occasions set forth that an employee must call the appropriate supervisor in advance in order to schedule leave except in certain emergency situations (which typically require proper documentation after the emergency has passed). Mr. Jones was terminated for failing to follow those procedures, not because he did not have enough leave to cover his absences. Moreover, his May 2007 notice of removal indicated that Mr. Jones was to be compensated for any unused annual leave time, so his removal did not result in the forfeiture of any accumulated leave.